UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL HOLEN,<br><br>　　　　　Plaintiff,<br>　v.<br><br>SASA JOZIC, et al.,<br><br>　　　　　Defendants. | CASE NO. C17-1147JLR<br><br>ORDER GRANTING MOTION TO TAKE *DE BENE ESSE* DEPOSITIONS |

Before the court is Plaintiff Michael Holen's motion to take *de bene esse* depositions of medical witnesses. (Mot. (Dkt. # 34).) Defendants do not oppose Mr. Holen's requested relief. (*See id.* at 8 ("Counsel for Defendants have agreed to Plaintiff's request").) The court has considered the motion, the relevant portions of the record, and the applicable law. Being fully advised, the court GRANTS the motion as specified below.

Mr. Holen requests that the court allow him to take *de bene esse* depositions of five medical providers in lieu of trial testimony. (Mot. at 1.) In addition, Mr. Holen

ORDER - 1

requests that he be allowed to take these depositions after the parties attempt mediation, but before December 31, 2018, which is less one month before the January 28, 2019, trial. (*Id.* at 2; *see also* Min. Order (Dkt. # 16) at 1.)

Federal Rule of Civil Procedure 32(a)(4)(A) allows a party to use a deposition at trial when the witness is unavailable. *See* Fed. R. Civ. P. 32(a)(4). Perpetuation depositions—also known as *de bene esse* depositions—preserve testimony for use at trial where the witness may be unavailable to attend trial. *See, e.g., Steven Cohen Prods., Ltd. v. Lucky Star, Inc.*, No. 2:12-cv-01995-GMN-CWH, 2016 WL 1170985, at *5 n.4 (D. Nev. Mar. 23, 2016) ("*De bene esse* depositions are essentially trial depositions used in place of a witness's live testimony pursuant to Federal Rule of Civil Procedure 32(a)(4)."); *Patterson v. W. Carolina Univ.*, No. 2:12CV3, 2013 WL 1629132, at *1 (W.D.N.C. April 16, 2013) ("[T]he purpose of *de bene esse* depositions is to preserve testimony for trial."); *Christians of Cal., Inc. v. Clive Christian N.Y., LLP*, No. 13-cv-275 (KBF), 2014 WL 6467254, at *4 n.2 (S.D.N.Y. Nov. 10, 2014) ("[I]t is well established that depositions under Rule 32 may be used *both* for discovery purposes and for use at trial."). The prominent view among courts is that preservation and discovery depositions are subject to the same rules because the Federal Rules of Civil Procedure make no distinction between the two kinds of depositions. *See Peoples Bank v. Bluewater Cruising, LLC*, No. C12-0939RSL, 2014 WL 30038, at *1 (W.D. Wash. Jan. 3, 2014) ("[T]he Court finds more persuasive the cases holding that these depositions are subject to the limits in the Rules because the Rules do not distinguish between discovery and perpetuation depositions for trial.") (collecting cases). The admission of deposition

testimony is subject to the sound discretion of the trial court. *See McMann v. Crane Co.*, C14-5429BHS, 2015 WL 3649180, at *2 (W.D. Wash. June 11, 2015) (quoting *Coletti v. Cudd Pressure Control*, 165 F.3d 767, 773 (10th Cir. 1999)).

Here, Mr. Holen requests the *de bene esse* depositions because "exceptional circumstances make it desirable—in the interest of justice and with due regard to the importance of live testimony in open court—to permit the deposition to be used." (Mot. at 7 (citing Fed. R. Civ. P. 32(a)(4)(E)).) According to Mr. Holen, these exceptional circumstances include the disruption to the medical witnesses' medical practices if they have to appear in court, and the significant expense to pay these witnesses to travel to Seattle and take a full day away from their medical practices, as opposed to performing one- or two-hour depositions at their places of work. (Mot. at 7-8.) Mr. Holen notes that "[m]edical doctors generally charge between $500.00 and $1,000.00 per hour to testify." (*Id.* at 4.) Because these medical witnesses are located outside of Seattle, the cost of their travel along with waiting in court to testify far exceeds the expense of *de bene esse* depositions that can be scheduled at the witnesses' convenience. (*Id.*)

The court finds that under these circumstances, especially in light of Defendants' stipulation, Mr. Holen may take *de bene esse* depositions of the five medical witnesses named in his motion. (*See id.* at 1.) The court recognizes the cost savings of having the witnesses testify through perpetuation depositions as opposed to in-person at trial. *See Borchardt v. United States*, 133 F.R.D. 547, 548 (E.D. Wis. 1991) (finding that a cost differential of $625 to $875 justified the use of a perpetuation deposition). Moreover, Defendants' stipulation satisfies the court that Defendants will not be prejudiced by the

use of these depositions. *See* Fed. R. Civ. P. 32(a)(4)(E) (use of a deposition at trial must be "in the interest of justice and with due regard to the importance of live testimony in open court.").

Mr. Holen also represents that all Defendants have agreed to his request to take the *de bene esse* depositions after the parties' mediation. (Mot. at 8.) Defendant Blue Land Transportation, Inc., however, "requested that the deadline for taking the perpetuation depositions be not less than 30 days before the trial." (*Id.*) Mr. Holen asked the court that the *de bene esse* depositions occur no later than December 31, 2018 (*id.* at 2.), but that date is only 28 days before the January 28, 2019, trial. The court therefore sets the deadline for these depositions at December 28, 2018.

In sum, the court GRANTS Mr. Holen's request to take *de bene esse* depositions of the five medical witnesses that he identified in his motion. (*See id.* at 1.) In addition, the court ORDERS the parties to complete all of these depositions no later than December 28, 2018. Any deposition that has not taken place by that time will not be considered as a *de bene esse* deposition.

Dated this 20th day of September, 2018.

JAMES L. ROBART
United States District Judge

ORDER - 4