UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICHAEL HOLEN,<br><br>               Plaintiff,<br>v.<br><br>SASA JOZIC, et al.,<br><br>               Defendants. | CASE NO. C17-1147JLR<br><br>ORDER DENYING PLAINTIFF'S MOTION TO EXCLUDE WITNESSES AND STRIKE REPORTS |

## I. INTRODUCTION

Before the court is Plaintiff Michael Holen's motion to exclude two of Defendant Blue Land Transportation's ("BLT") expert witnesses and to strike those witnesses' reports. (Mot. (Dkt. # 38).) BLT opposes the motion (Resp. (Dkt. # 47)), and Mr. Holen filed a reply (Reply (Dkt. # 54)). The court has considered the parties' submissions in support of and in opposition to the motion, the relevant portions of the record, and the

//

//

ORDER - 1

applicable law. Being fully advised,[1] the court DENIES Mr. Holen's motion to exclude certain BLT expert witnesses and to strike those experts' reports.

## II. BACKGROUND

This case arises out of an on-the-job car accident in September 2014. (*See generally* Compl. (Dkt. # 1-1), Ex. A.) At the time of the accident, Mr. Holen was a construction worker. (Compl. ¶ 13.) Mr. Holen alleges that, as he was closing part of a freeway for scheduled maintenance, Defendant Sasa Jozic's fully loaded tractor-trailer crashed into Mr. Holen's work truck. (*Id.* ¶¶ 14-16, 23-24.) Mr. Holen claims that the tractor-trailer was owned by Mr. Jozic's employers, BLT and Defendant Coastal Pacific Xpress. (*Id.* ¶ 21.) According to Mr. Holen, Mr. Jozic's unsafe driving caused the accident, which severely injured Mr. Holen such that he is unable to return to his prior job. (*Id.* ¶¶ 23, 25-28, 30.) Mr. Holen seeks damages, *inter alia*, for loss of past and future earnings. (*Id.* ¶ 31.)

The court set an August 1, 2018, deadline for the disclosure of expert witnesses under Federal Rule of Civil Procedure Rule 26(a)(2). (Sched. Order (Dkt. # 16) at 1.) On August 1, 2018, both BLT and Mr. Holen disclosed medical experts to testify to the nature and extent of Mr. Holen's injuries. (*See* Pl. Discl. (Dkt. # 27); BLT Discl. (Dkt. # 29).) Mr. Holen also disclosed economic and vocational experts to testify to his lost future earnings and ability to work. (*See* Pl. Discl.)

//

---

[1] Although Mr. Holen did not request oral argument on this motion (Mot. at 1), BLT did (Resp. at 1). However, the court finds oral argument unnecessary to its disposition of the motion. *See* Local Rules W.D. Wash. LCR 7(b)(4).

1        Pursuant to Rule 26, the parties had until August 31, 2018, to disclose rebuttal witnesses. Fed. R. Civ. P. 26(a)(2)(D)(ii). On August 31, 2018, BLT disclosed two experts, an economist (Eric Knowles) and a forensic vocational specialist (Barbara Berndt), who were to testify about Mr. Holen's loss of earnings claim. (BLT Rebuttal Discl. (Dkt. # 36).) Mr. Holen filed objections to the witnesses (Obj. (Dkt. # 37)), and then filed the instant motion seeking to exclude those witnesses on the ground that they were improperly designated as rebuttal witnesses (Mot. at 1). In particular, Mr. Holen argues that the witnesses are actually case-in-chief witnesses that should have been disclosed by the August 1, 2018, deadline. (*Id.* at 2.) BLT argues that the witnesses were properly designated as rebuttal witnesses, but even if they were misclassified, their 30-day late disclosure does not warrant exclusion, especially in light of the BLT's prior stipulation to allow Mr. Holen to take *de bene esse* depositions up to three months after the close of discovery. (*See generally* Resp.; *see also* 9/20/18 Order (Dkt. # 44).) Trial in this case is scheduled for January 28, 2019. (Sched. Order at 1.)

### III.    DISCUSSION

#### A.    Legal Standard

Federal Rule of Civil Procedure 26(a)(2) governs the disclosure of expert witness testimony. Under Rule 26, a party must disclose the identity of any witness who may be used to present expert testimony by the court's deadline. Fed. R. Civ. P. 26(a)(2)(A), (a)(2)(D). However, disclosures "intended solely to contradict or rebut evidence on the same subject matter identified by another party" may be disclosed up to 30 days after the other party's initial expert witness disclosure. *Id.* 26(a)(2)(D)(ii); *Yeti by Molly, Ltd. v.*

*Deckers Outdoor Corp.*, 259 F.3d 1101, 1106-07 (9th Cir. 2001) (discussing Fed. R. Civ. P. 26(a)(2)(D)(ii)).

A rebuttal witness may only contradict or rebut the other party's evidence. *See Fed. Trade Comm'n v. Amazon.com, Inc.*, No. C14-1038JCC, 2016 WL 4154284, at *1 (W.D. Wash. Feb. 9, 2016) (stating that "rebuttal testimony cannot be used to advance new arguments or new evidence.") (internal citation and quotation marks omitted). Moreover, "[a] rebuttal expert cannot offer evidence that does not contradict or rebut another expert's disclosure merely because she also has offered some proper rebuttal." *Theoharis v. Rongen*, No. C13-1345RAJ, 2014 WL 3563386, at *3 (W.D. Wash. July 18, 2014). In addition, rebuttal evidence "is admissible only where the need for it could not have been foreseen at the time the plaintiff presented its case-in-chief." *Daly v. Far Eastern Shipping Co. PLC*, 238 F. Supp. 2d 1231, 1238 (W.D. Wash. 2003) (internal citation and quotation marks omitted); *see also Sousie v. Allstate Indem. Co.*, No. C17-5087BHS, 2018 WL 1046828 (W.D. Wash. Feb. 26, 2018) (stating that "a defense witness whose purpose is to contradict an expected and anticipated portion of the plaintiff's case in chief can never be considered a 'rebuttal witness.'") (internal citation omitted). In short, a rebuttal witness may only provide evidence that contradicts or rebuts unforeseen evidence presented by the opposing party. *See Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060-62 (9th Cir. 2005). It is "solely within the sound judicial discretion of the trial judge" to determine the propriety of proffered rebuttal evidence. *Rodella v. United States*, 286 F.2d 306, 309 (9th Cir. 1960).

//

Federal Rule of Civil Procedure 37(c)(1) "gives teeth" to the disclosure requirements "by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly*, 259 F.3d at 1106; Fed. R. Civ. P. 37(c)(1). Thus, if a party fails to provide information or identify a witness as required by Rule 26(a), the court may disallow the use of that information or witness. *See Daly*, 238 F. Supp. 2d at 1238. Exclusion of improperly disclosed rebuttal evidence is "automatic," unless "the failure to disclose was substantially justified or harmless." *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011) (quoting *Yeti by Molly*, 259 F.3d at 1106, and discussing Rule 37(c)(1)).

The burden falls on the party facing exclusion to demonstrate that their failure to disclose was either substantially justified or harmless. *Yeti by Molly*, 259 F.3d at 1107 ("Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness."); *Torres v. City of L.A.*, 548 F.3d 1197, 1213 (9th Cir. 2008) ("Plaintiffs were not required to articulate how they would be prejudiced by Defendants' failure to [disclose]."); *R & R Sails, Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240, 1246 (9th Cir. 2012). "This is an either/or standard," meaning a party need only show that its failure was either substantially justified or harmless in order to avoid exclusion. *R & O Constr. Co. v. Rox Pro Int'l Grp., Ltd.*, No. 2:09-cv-1749, 2011 WL 2923703, at *3 (D. Nev. July 18, 2011). To determine whether a late disclosure was substantially justified or harmless, courts consider (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence. *Lanard*

*Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010) (citing *David v. Caterpillar Inc.*, 324 F.3d 851, 857 (7th Cir. 2003)). District courts are given "particularly wide latitude" in determining whether to issue sanctions, including the exclusion of evidence, under Rule 37(c)(1). *See Bess v. Cate*, 422 F. App'x 569, 571 (9th Cir. 2011) (quoting *Yeti by Molly*, 259 F.3d at 1106).

**B.     Mr. Holen's Motion to Exclude**

   1. <u>Mr. Knowles's and Ms. Berndt's Expert Reports</u>

Mr. Holen argues that Mr. Knowles and Ms. Berndt are not proper rebuttal witnesses because their opinions do not contradict Mr. Holen's experts, and because their testimony addresses issues that "BLT has known for a long time were central to the case." (Mot. at 2, 6-9.) BLT argues that Mr. Knowles and Ms. Berndt are rebuttal experts, not case-in-chief experts, because they rebut Mr. Holen's experts, Fred DeKay and Rachel Steilberg. (Resp. at 2, 6-9.) Although Mr. Knowles and Ms. Berndt contradict and rebut evidence on the same subject matter offered by Mr. Holen's experts, the evidence that Mr. Knowles and Ms. Berndt address was to be expected from the beginning of this case. Accordingly, the court finds that Mr. Knowles and Ms. Berndt are not rebuttal experts, and their August 31, 2018, disclosure was untimely.

   *a. Mr. Knowles*

BLT offers Mr. Knowles's testimony and his report as evidence of Mr. Holen's past and future earnings. (BLT Rebuttal Discl. at 1, Ex. 1 ("Knowles Rep.").) Mr. Knowles, an economic consultant, reviewed reports from Mr. Holen's experts; Mr. Holen's personnel and pay records; Mr. Holen's unemployment and insurance history;

Mr. Holen's deposition; and the complaint. (*See* Knowles Rep. at 1.)[2] In his report, Mr. Knowles criticizes Dr. DeKay's finding that Mr. Holen suffered wage losses as a consequence of the September 2014 accident. (*Id.* at 4.) To the contrary, Mr. Knowles makes his own calculations and concludes there is no economic foundation for loss of past and future earnings due to the accident; instead, Mr. Knowles opines that any loss Mr. Holen suffered was due to pre-existing conditions and surgeries to treat those conditions. (*Id.* at 3-4.)

Mr. Knowles's report provides evidence that contradicts or rebuts Mr. Holen's expert, Dr. DeKay. (*See id.*) However, Mr. Knowles is not a rebuttal witness because he provides evidence on an issue that BLT knew was central to this dispute from the beginning of this case—Mr. Holen's alleged wage losses. (*See* Compl. ¶¶ 28, 30). As discussed above, in order to qualify as a rebuttal expert, the expert must provide evidence that contradicts or rebuts another party's expert on a subject matter that was unexpected or unanticipated at the time initial disclosures were due. *See Daly*, 238 F. Supp. 2d at 1238. BLT was on notice that Mr. Holen's alleged lost past and future earnings were at issue since this case began. Therefore, BLT was required to disclose Mr. Knowles as an expert witness by the August 1, 2018, deadline established in the court's scheduling order. *See, e.g., Wong*, 410 F.3d at 1061-62.

For example, in *Sousie*, the court concluded that the defendant insurance company should have anticipated the plaintiffs' claim that was in the complaint. 2018 WL

---

[2] The court cites to the page number located in the upper left corner of Mr. Knowles's report.

1046828, at *2 ("Allstate should have anticipated the Sousies's claims of improper claim handling when Allstate received the Sousies's complaint."). Thus, the witness the insurance company offered to combat that claim should have been disclosed as an expert witness, rather than a rebuttal expert. *Id.*; *see also Wong*, 410 F.3d at 1061-62 (upholding district court's decision to exclude the plaintiff's late-named expert because the plaintiff was on notice since early in the case that the issue of disability—which the late-named expert was supposed to address—was a necessary part of the claim).

This case is similar to *Sousie*. BLT knew that Mr. Holen had raised the issue of lost future earnings from the moment it received the complaint. The fact that Mr. Holen disclosed an expert on a fundamental element of his claim cannot be described as unexpected or surprising. Accordingly, the court concludes that Mr. Knowles is not a rebuttal witness, but rather is an expert witness who BLT should have disclosed by the August 1, 2018, deadline.

### b. Ms. Berndt

BLT offers Ms. Berndt's testimony and her report as evidence of when Mr. Holen could have returned to work and the extent of any past and future wage loss. (BLT Rebuttal Discl. at 2, Ex. 3 ("Berndt Report") at 1, 4.)[3] In preparing her report, Ms. Berndt, a forensic vocational specialist, considered Mr. Holen's experts' reports; the complaint and demand letter; Mr. Holen's deposition; Mr. Holen's medical records, insurance history, and employment history; and government records. (Berndt Rep. at 1.)

---

[3] The court cites to the page number located at the bottom center of Ms. Berndt's report.

The bulk of Ms. Berndt's report summarizes Mr. Holen's education, employment, and medical history, dating from the late 1980s to the present. (*See generally id.*) Based on these records and her experience as a forensic vocational specialist, Ms. Berndt rebuts the evidence of Mr. Holen's experts, particularly Ms. Steilberg, and concludes that Mr. Holen was able to return to work within three weeks of his September 2014 injury. (*Id.* at 22-23.)

Similar to Mr. Knowles, Ms. Berndt presents evidence that contradicts or rebuts evidence presented by Mr. Holen's experts. (*See generally id.*) However, also similar to Mr. Knowles, Ms. Berndt's report is limited to subject matter that BLT knew was at issue from the start of this case—i.e., when Mr. Holen was able to return to work. BLT does not point to anything that Ms. Berndt reviewed as surprising or unexpected such that her opinion would qualify as rebuttal. Instead, BLT was on notice since Mr. Holen's complaint that his case-in-chief implicated the subject matter that Ms. Berndt addresses in her report. *See Sousie*, 2018 WL 1046828, at *3. The court therefore concludes that Ms. Berndt is not a rebuttal witness. Accordingly, Ms. Berndt's report should have been disclosed by the August 1, 2018, deadline.

Because neither Mr. Knowles nor Ms. Berndt are rebuttal witnesses, the court next turns to whether BLT's late disclosure was substantially justified or harmless to determine whether exclusion is warranted.

    2. <u>BLT's Late Disclosure Is Harmless</u>

Mr. Holen claims that he was harmed by BLT's August 31, 2018, disclosure because he did not have sufficient time to depose Mr. Knowles and Ms. Berndt, or

produce supplemental reports from his experts, before discovery closed on October 1, 2018. (Mot. at 11; *see also* Sched. Order at 1.) In response, BLT argues that its late disclosure is harmless for numerous reasons. First, BLT provided dates to Mr. Holen for Mr. Knowles's and Ms. Berndt's depositions in early September 2018 (including before Mr. Holen filed this motion), and BLT has stipulated to Mr. Holen deposing these witnesses after the discovery deadline. (Resp. at 4.) Second, the parties have already agreed to conduct additional discovery beyond the October 1, 2018, discovery cutoff date.[4] (*Id.* at 9-10.) In that vein, BLT notes that, days before Mr. Holen filed the present motion, BLT stipulated to Mr. Holen taking *de bene esse* depositions up to three months after the October 1, 2018, deadline. (*Id.*; *see also* Dkt. # 34 at 8; 9/20/18 Order.) Lastly, BLT argues that a 30-day delay is not the type of delay that is considered harmful, especially considering that trial is scheduled for January 28, 2019. (Resp. at 10-11.)

---

[4] Under the federal and local rules, parties may not conduct discovery beyond the court's deadline without the court's approval. Fed. R. Civ. P. 16(b)(4); Local Rules W.D. Wash. LCR 16(b)(5); (*see also* Sched. Order at 2 ("These are firm dates that can be changed only by order of the court, not by agreement of counsel or parties.").) Case deadlines are imposed for a reason. The deadline for dispositive motions has now passed. (*See* Sched. Order at 1 (October 30, 2018, dispositive motion deadline).) Both parties filed a dispositive motion. (*See* Pl. MSJ (Dkt. # 57); BLT MPSJ (Dkt. # 62).) However, due to the parties' disregard of the court's deadlines, the court will have to rule on these motions without the benefit of all the evidence. In contrast, the court granted Mr. Holen's request to take *de bene esse* depositions in part because these depositions are used at trial in lieu of live testimony, and are not discovery tools.

The court first learned from BLT's response that the parties took the depositions of two different experts, Lew Grill and Terry Moon, after the close of discovery. (*See* Resp. at 10.) The court retroactively approves the taking of Mr. Grill's and Mr. Moon's depositions beyond the discovery deadline because it appears there was good cause for the extension. (*See id.* (explaining that these depositions were taken after the deadline because of the experts' availability)); *see also* Local Rules W.D. Wash. LCR 16(b)(5) ("A schedule may be modified only for good cause with the judge's consent."). However, any further attempts by the parties to improperly modify the court's schedule will result in sanctions. *See* Fed. R. Civ. P. 37; Local Rules W.D. Wash. LCR 11.

The failure to disclose a witness by a deadline can cause harm because of the ripple effects it has on the court's schedule and ability to efficiently and effectively manage its caseload. *See, e.g., Wong*, 410 F.3d at 1062 ("Courts set such schedules to permit the court and the parties to deal with cases in a thorough and orderly manner, and they must be allowed to enforce them, unless there are good reasons not to."). Failure to disclose in a timely manner can also be harmful if the non-disclosing party has insufficient time to cure the prejudice by deposing the late-named witness or preparing for cross-examination of the witness at trial. *Compare Goodman*, 644 F.3d at 827 (finding that allowing the plaintiff's late-disclosed experts to testify would obviously prejudice the defendant, whose experts developed their opinions without knowing the scope of the plaintiff's experts' opinions), *with Sousie*, 2018 WL 1046828, at *3 (declining to exclude late-disclosed experts because "there is some time before trial to both depose [the challenged expert] and obtain a rebuttal expert.").

Here, the court finds that BLT's late disclosure is harmless. *See Lanard Toys*, 375 F. App'x at 713 (explaining the factors used to determine whether a late disclosure is harmless). First, Mr. Holen is only slightly prejudiced by the inclusion of Mr. Knowles's or Ms. Berndt's testimony. *Id.* Without a doubt, BLT's late disclosure has deprived Mr. Holen of some time to depose these witnesses and issue supplemental reports. However, courts have found on similar facts that a one-month late expert disclosure is not sufficiently prejudicial to warrant exclusion. *Granados v. N. Nev. High Speed, LLC*, No. 3:14-cv-00081-LRH-VPC, 2014 WL 5503118, at *5 (D. Nev. Oct. 30, 2014) (finding that the plaintiff's delayed disclosure one month after the expert disclosure deadline was not

ORDER - 11

"the type of harm" contemplated by Fed. R. Civ. P. 37(c)(1)). Moreover, this is not a case where trial is too soon for Mr. Holen to depose these witnesses or prepare for their cross-examinations. *Cf. Yeti by Molly*, 259 F.3d at 1105-07 (upholding exclusion of report provided just 28 days before trial). Nor does the court find that Mr. Holen was "surprised" by Mr. Knowles's and Ms. Berndt's findings. *See Lanard Toys*, 375 F. App'x at 713. Their reports are limited to contradicting Mr. Holen's own experts, even if they were provided 30 days late. Thus, the court finds that Mr. Holen has suffered minimal prejudice.

Second, Mr. Holen can cure the minimal prejudice caused by the late disclosure. *Lanard Toys*, 375 F. App'x at 713. Unlike in *Yeti by Molly*, 259 F.3d at 1105, where the disclosures occurred only 28 days before trial, there are still almost three months until trial in this case. Moreover, at the time Mr. Holen filed the instant motion, there remained almost one month until discovery closed. (*See* Sched. Order. at 1.) Therefore, although BLT's disclosure of Mr. Knowles and Ms. Berndt was late, Mr. Holen had sufficient time to depose these witnesses before the discovery deadline, which would have cured any prejudice. Mr. Holen's failure to cure this prejudice was by choice. Regardless, the parties are already conducting discovery well after the October 1, 2018, cutoff date, including taking *de bene esse* depositions up until December 28, 2018. (*See* Resp. at 10; *see also* 9/20/18 Order.) The court also notes that the prior discovery extensions have accommodated Mr. Holen or his experts, and with BLT's stipulation. (*See* Resp. at 8-10; 9/20/18 Order.) Yet, amidst BLT accommodating Mr. Holen's requests to modify the discovery schedule, Mr. Holen has taken a rigid stance toward

BLT's requests, attempting to manufacture a discovery crisis. Considering all of these facts, and with almost three months until trial, the court finds that Mr. Holen can cure the minimal prejudice. *See Sousie*, 2018 WL 1046828, at *3 (finding exclusion inappropriate where there was "some time before trial" to depose the expert and obtain a rebuttal expert if needed). This factor therefore weighs in favor of not excluding the testimony of Mr. Knowles and Ms. Berndt.

Third, allowing Mr. Knowles's and Ms. Berndt's testimony is unlikely to disrupt trial. *Lanard Toys*, 375 F. App'x at 713. The court does not take it lightly that including Mr. Knowles and Ms. Berndt could mean two additional depositions after the court's imposed deadlines. *See Wong*, 410 F.3d at 1062 (finding that disruption to the schedule of the court and the other parties can be harmful). But, as discussed, the parties are already proceeding with depositions after October 1, 2018. The court sees no reason why deposing Mr. Knowles and Ms. Berndt will cause any additional disruption.

Fourth, the court does not find that BLT acted willfully or in bad faith when it disclosed Mr. Knowles and Ms. Berndt on August 31, 2018. BLT clearly believed—albeit mistakenly—that these witnesses were rebuttal witnesses, which is why BLT disclosed them in accordance with Federal Rule of Civil Procedure 26(a)(2)(D)(ii).

In sum, the court finds that, under the circumstances of this case, BLT's late disclosure of Mr. Knowles and Ms. Berndt was harmless. Therefore, the court DENIES Mr. Holen's motion, and will not exclude these witnesses or their reports. To the extent the parties need to take Mr. Knowles's and Ms. Berndt's depositions, these depositions must be completed no later than November 30, 2018.

## IV. CONCLUSION

For the foregoing reasons, the court DENIES Mr. Holen's motion to exclude BLT's late-disclosed expert witnesses and to strike their reports (Dkt. # 38).

Dated this 2nd day of November, 2018.

JAMES L. ROBART
United States District Judge